# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                    )
Shawn Banks o/b/o D.B., a minor,    )
                                    )
       Plaintiff,                )
                                    )
  v.                               )  Civil Action No. 09-990 (RBW)
                                    )
District of Columbia,               )
                                    )
       Defendant.                )
                                    )
_____)

## MEMORANDUM OPINION

Plaintiff Shawn Banks brings this action on behalf of her son, D.B., against the District of Columbia Government and Michelle Rhee, in her capacity as the Chancellor of the District of Columbia Public School System (the "School System"), seeking the reversal of a Hearing Officer's Determination (the "Determination") by the District of Columbia State Education Agency that denied D.B. a compensatory education award pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1491 (2006). Currently before this Court are the plaintiff's Motion for Summary Judgment and the defendant's Cross-Motion for Summary Judgment. After carefully considering the plaintiff's complaint, the administrative record, the parties' motions, and memoranda of law and exhibits submitted in conjunction with those filings,[1] the Court concludes that it must deny without prejudice the plaintiff's motion,

---

[1] In addition to plaintiff's complaint and the parties' cross-motions for judgment, the Court considered the following documents in reaching its decision: (1) the Plaintiff's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment ("Pl.'s Mem."); (2) The Memorandum in Support of Defendant's Cross Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment ("Def.'s Mem."); (3) the Plaintiff's Memorandum of Points and Authorities in Support of its Reply to Defendant's Cross Motion for Summary Judgment and its Opposition to the Defendant's Motion for Summary Judgment ("Pl.'s Reply"); and (4) the Plaintiff's First Amended Complaint for Declaratory Judgment, Injunctive and Other Relief ("Pl.'s Compl.").

deny without prejudice the defendant's cross-motion, and remand the case to the hearing officer for additional findings. Specifically, the Court must deny the plaintiff's motion without prejudice because contrary to the plaintiff's assertions, the hearing officer did not determine that the denial of services included in D.B.'s Individualized Education Program (the "Program") constituted a denial of a free appropriate public education under the IDEA. Additionally, the Court must deny the defendant's cross-motion without prejudice because while the plaintiff's proposed award may not meet the necessary standards required of an award, the hearing officer may determine on remand that D.B. was denied a free appropriate public education, in which case D.B. would be entitled to a "reasonably calculated" compensatory education award. Reid ex rel. Reid v. Dist. of Columbia, 401 F.3d 516, 524 (D.C. Cir. 2005) (providing guidelines for how a compensatory education award should be "reasonably calculated"). Therefore, the Court must remand this matter to the hearing officer for additional fact-finding and findings, in addition to an articulation of the reasons why failing to provide all of the services included in D.B.'s Program did not violate the IDEA or deny the student a free appropriate public education. Whether D.B. is entitled to any compensatory education, if deemed appropriate, relies on this determination.

## I. BACKGROUND

Congress enacted the IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). A free appropriate public education entitles each disabled student to a Program that is tailored to meet the unique needs to each disabled student. See 20 U.S.C. §§ 1414(d)(1)(A)-(d)(2)(A).

The following facts are part of the administrative record. In 2008, D.B. was a 9-year-old student attending Anthony Bowen Elementary School in the District of Columbia. Administrative Record (the "A.R.") at 3. In 2006, the School System conducted multiple evaluations of D.B.'s status, including a speech and language evaluation, a physical therapy evaluation, an occupational therapy evaluation, and a psycho-educational evaluation. Id. at 4. The evaluations recommended that D.B. receive thirty minutes of physical therapy per week, sixty minutes of occupational therapy per week, and a full neuropsychological evaluation. Id. at 4. D.B.'s April 10, 2008 Program classified him as having multiple disabilities that required twenty hours of specialized education instruction each week over the following ten months. Id. at 5. Also at a meeting held on April 10, 2008, the plaintiff requested an adaptive technology assessment for D.B., id. at 5, however, the School System and the occupational therapist did not recommend the assessment and declined the request, id. at 5, 56, 58, 62.

On April 15, 2008, the plaintiff filed a due process complaint with the District of Columbia State Education Agency alleging that by failing to provide the adaptive technology assessment and failing to provide all of the specialized education services in D.B.'s Program between 2006 and 2008, the School System had denied D.B. a free appropriate public education. Id. at 30-41. The plaintiff also asserted that because of the denial of a free appropriate public education, D.B. was entitled to "appropriate" compensatory education. Id. at 38-39.

The hearing officer, in his June 20, 2008 Determination, found that the School System's failure to "timely initiate" the adaptive technology assessment was a denial of a free appropriate public education.[2] Id. at 5. However, the hearing officer made no finding on whether a free

---

[2] While the hearing officer found that the failure to "timely initiate" the requested assessment was a denial of a free appropriate public education, he also ordered that "[the School System] shall fund an independent assistive technology assessment subject to the relevant costs guidelines." A.R. at 6. This order appears to have resolved this
(continued . . .)

appropriate public education had been denied, instead finding that there was convincing evidence that the School System failed to provide all of the services contained in D.B.'s Program, "thereby depriving the student of the services designed to provide him with [an] educational benefit." Id. at 5-6. Additionally, the hearing officer found that D.B. was not entitled to compensatory education because the plaintiff failed to provide persuasive evidence regarding D.B.'s educational needs sufficient to satisfy the standard set forth in Reid, 401 F.3d 516. Id. at 6. The plaintiff then appealed that final administrative decision to this Court. Pl.'s Compl.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, discovery, and affidavits demonstrate "that there is no genuine issue as to any material fact and that the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the pleadings or other documents in the record,] … which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In making this assessment, the Court must draw "all justifiable inferences" in the non-moving party's favor and accept the non-moving party's evidence as true. Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986) (citation omitted). However, the non-moving party may not rely on "mere allegations or denials," but "must set forth specific facts showing that there is a genuine issue for trial." Burke v. Gould, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting Anderson, 477 U.S. at 248) (internal quotation marks omitted). Additionally, "in ruling on cross-motions for summary judgment, the court shall grant summary judgment only if one of the moving parties is entitled to

---

(. . . continued)
compensatory education challenge, as the plaintiff in her Motion for Summary Judgment focuses on compensatory education as a remedy for the School System's failure to provide all of the services in D.B.'s Program rather than on conducting the assessment. See Pl.'s Mem. at 8-10.

4

judgment as a matter of law upon material facts that are not genuinely disputed." Shays v. FEC, 424 F. Supp. 2d 100, 109 (D.D.C. 2006) (citation omitted).

When reviewing a hearing officer's decision in an IDEA case, the Court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as [it] determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). Given the Court's authority to hear additional evidence and base its decision on the preponderance of the evidence standard, the "IDEA plainly suggests less deference [to the administrative hearing officer's determination] than is conventional in administrative proceedings." Reid, 401 F.3d at 521 (quoting Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1988) (internal quotation omitted). However, the "party challenging the administrative determination" bears the burden of persuading the court that "'the hearing officer was wrong.'" Brown v. Dist. of Columbia, 568 F. Supp. 2d 44, 50 (D.D.C. 2008) (citing Reid, 401 F.3d at 521 (quoting Kerkam, 862 F.2d at 887)) (internal quotation omitted). If neither party introduces new evidence in a civil suit seeking review of a hearing officer's determination, "a motion for summary judgment operates as a motion for judgment based on the evidence comprising the record." Thomas v. Dist. of Columbia, 407 F. Supp. 2d 102, 109 (D.D.C. 2005). But, where a reviewing court rejects a hearing officer's award, "the court may take supplemental evidence or return the case to the hearing officer." Friendship Edison Pub. Charter Sch. Collegiate Campus v. Nesbitt ("Nesbitt I"), 532 F. Supp. 2d 121, 123 (D.D.C. 2008) (citing Reid, 401 F.3d at 526).

## III. LEGAL ANALYSIS

**A. The Hearing Officer Failed to Make a Determination on Which the Plaintiff's Assertions Rely.**

While neither party challenges the adequacy of the hearing officer's determination, the Court has to find that the hearing officer made a valid determination in order to consider the merits of the parties' cross-motions for summary judgment. In his June 2008 Determination, the hearing officer found there was "[c]onvincing evidence" in the record that the School System failed to provide all of the services in D.B.'s Program. A.R. at 6. The plaintiff references Abney v. District of Columbia, 849 F.2d 1491, 1496 n.3 (D.C. Cir. 1988) (citing 20 U.S.C. § 1401(a)(18)), as support for her position that "the complete failure to implement a child's [Program] . . . would undoubtedly . . . result in the failure to provide the child [']a free and appropriate public education.[']" Pl.'s Mem. at 10. Upon reviewing the administrative record, the Court cannot conclude for the reasons set forth below that the hearing officer made this legal determination in his June 2008 Determination.

The District of Columbia Circuit has not directly addressed what standard applies to the failure-to-implement claims under the IDEA. However, a member of this Court recently noted that the "consensus approach to this question among federal courts that have addressed it has been to adopt a standard articulated by the Fifth Circuit in Houston Independent School District v. Bobby R., 200 F.3d 341 (5th Cir. 2000)." S.S. v. Howard Rd. Acad., 585 F. Supp. 2d 56, 67 (D.D.C. 2008) (citations and internal quotation marks omitted). The court in Bobby R. held that "to prevail on a claim under the IDEA, a party challenging the implementation of a [student's Program] must show more than a de minimis failure to implement all elements of that [Program], and, instead, must demonstrate that the . . . authorities failed to implement substantial or significant provisions of the [Program]." 200 F.3d at 349. Therefore, a "material failure" to

implement a student's Program constitutes the denial of a free appropriate public education. Stanton v. Dist. of Columbia, 680 F. Supp. 2d 201, 206 (D.D.C. 2010) (citing Howard Rd. Acad., 585 F. Supp. 2d at 71) (internal quotation marks omitted). Accordingly, the court in Catalan v. District of Columbia found that a "failure to follow the [Program]'s requirements to the letter" is excusable in circumstances where the failures are not substantial enough to be material. 478 F. Supp. 2d 73, 76 (D.D.C. 2007).

Here, the plaintiff presented evidence that D.B. failed to receive fifteen hours of physical therapy, nine hours of counseling, and over fifty-six hours of occupational therapy services. Pl.'s Mem. at 10; A.R. at 33-35. The plaintiff, in her due process claim submitted to the State Education Agency, requested that the hearing officer address whether "[the School System]'s failure to implement [D.B.'s Program] result[ed] in a denial of [a free appropriate public education] to [D.B.]." A.R. at 39. In his Determination, the hearing officer concluded that "[p]etitioner prevailed by offering persuasive evidence that [the School System] failed to provide the student with all services contained in his [Program]." Id. at 6. However, the hearing officer did not go so far as to determine whether this failure to provide the services was a "material failure" that constituted a denial of a free appropriate public education. See id. at 5-6 (concluding that the failure to "timely initiate the [requested] assessment" denied the student a free appropriate public education, but not making the same express determination regarding the denial of services). The plaintiff's arguments in her motion for summary judgment rely on this determination. See Pl.'s Mem. at 8-9 (arguing that "[c]ompensatory education is a proper method to provide [a free appropriate public education] to children with disabilities who were entitled to, but were denied, [a free appropriate public education]" and that D.B. was entitled to compensatory education on this basis). Therefore, the Court must remand this case to the

hearing officer for an express determination of whether the denied services constituted the denial of a free appropriate public education, or articulate the reasons why the denial of the services called for in D.B.'s Program did not violate the IDEA.

**B. Compensatory Education is a Proper Remedy for Denial of a Free Appropriate Public Education.**

The plaintiff argues that "an award of compensatory education derives from a denial of [a free appropriate public education]." Pl.'s Reply at 7. The defendant asserts that the "[p]laintiff's argument ignores the criterion set forth in Reid to demonstrate an entitlement to compensatory education." Def.'s Mem. at 9.

In Reid, the Circuit Court held that "compensatory education awards fit comfortably within the 'broad discretion' of courts fashioning and enforcing IDEA remedies." 401 F.3d at 523 (citing Florence County Sch. Dist. Four v. Carter by & Through Carter, 510 U.S. 7, 15-16 (1993)). It is noteworthy that the Circuit focused primarily on calculating an appropriate compensatory education award, not on determining whether a student is entitled to one. See id. at 522-23 (discussing briefly the purpose and use of compensatory education awards as a remedy for denials of a free appropriate public education, before turning to "part company with the [plaintiffs] regarding how such awards are calculated" and providing the applicable standard). "Compensatory education is the remedy for a denial of [a free appropriate public education]," and thus "if a parent presents evidence that her child has been denied [a free appropriate public education], she has met her burden of proving that [the child] is entitled to compensatory education." Mary McLeod Bethune Day Acad. Pub. Charter Sch. v. Bland, 534 F. Supp. 2d 109, 115 (D.D.C. 2008); see also Reid, 401 F.3d at 518 (holding that when "a school district deprives a disabled child of [a] free appropriate public education…a court fashioning 'appropriate' relief, as the statute allows, may order compensatory education"); Nesbitt I, 532 F. Supp. 2d at 123

8

(noting that "[w]here a school system fails to provide special education or related services, a student is entitled to compensatory education") (citation omitted); Peak v. Dist. of Columbia, 526 F. Supp. 2d 32, 36 (D.D.C. 2007) (holding that the denial of a free appropriate public education is a prerequisite to a student's entitlement to compensatory education) (citation omitted).

While Reid sets forth a standard by which a compensatory education award is calculated, "the Reid standard only applies once a Hearing Officer has determined that compensatory education is warranted and must craft a compensatory education award that is reasonably calculated to meet the student's needs." Mary McLeod, 534 F. Supp. 2d at 115. In IDEA litigation, the hearing officer first determines whether there is sufficient evidence of an IDEA violation that entitles the student to a compensatory education. Id. If the hearing officer determines there was such a violation, then the hearing officer applies the Reid standard to craft an award. Id. The Court therefore agrees with the plaintiff's reading of the law that if D.B. was denied a free appropriate public education, he is entitled to a "reasonably calculated" compensatory education award that meets the standards set forth in Reid. 401 F.3d at 524.

Thus, if the hearing officer finds on remand that D.B. was denied a free appropriate public education when the School System failed to provide all of the services in his Program, then D.B. would be entitled to a compensatory education award. Until that determination is made, however, the Court cannot find that the "hearing officer arbitrarily and capriciously failed to award D.B. with compensatory education due," as requested by the plaintiff. Pl.'s Mem. at 10.

**C. If D.B. is Entitled to a Compensatory Education Award, the Award Must Be Properly Crafted.**

Finally, the plaintiff asserts that she submitted sufficient evidence to assist the hearing officer in crafting an award of a compensatory education. See Pl.'s Mem. at 11-13. The hearing

9

officer found in his June 2008 Determination that the plaintiff did not meet "the burden of showing (1) that as a result of [the School System's] violation of [the] IDEA, the student has suffered an educational deficiency, (2) that but for the violation, the student would have progressed to a certain academic level, and (3) that there exists a type and amount of compensatory education services that would bring the student to the level he would have been but for [the School System's violation]." A.R. at 6. The hearing officer's findings may be correct; however, in light of the preceding discussion, the hearing officer must first make a determination of whether the School System's failure to provide all of the services in D.B.'s Program constituted a denial of a free appropriate public education before evaluating the proposed award. A finding that a student "was denied a [free appropriate public education] in the relevant time period is a necessary prerequisite to a compensatory education award," because compensatory education is supposed to remedy past deficiencies in a student's educational program. Brown, 568 F. Supp. 2d at 52 (internal quotation marks omitted).

However, any compensatory education award must be based on individualized assessments and "be fact-specific and . . . reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." Reid, 401 F.3d at 524. The defendants challenge the plaintiff's proposed compensatory education award on the basis that it is a "cookie-cutter" formulaic calculation, Def.'s Mem. at 11, which the court in Reid rejected. 401 F.3d at 523. There are numerous cases that provide guidance on how such an award should be crafted. See Branham v. Gov't of the Dist. of Columbia, 427 F.3d 7, 9 (D.C. Cir. 2005) (reiterating that "mechanical" calculations have been rejected by the court, and that the calculation of a compensatory education award "must be qualitative, fact-intensive, and above all tailored to the unique needs

of the disabled student") (citing Reid, 401 F.3d at 524) (internal quotation marks omitted); Friendship Edison Pub. Charter Sch. Collegiate Campus v. Nesbitt ("Nesbitt II"), 583 F. Supp. 2d 169, 172 (D.D.C. 2008) (holding that compliance with the Reid standard required the plaintiff to "propose a well-articulated plan that reflects [the student's] current educational abilities and needs and is supported by the record"); Stanton v. Dist. of Columbia, 680 F. Supp. 2d 201, 206-07 (D.D.C. 2010) (holding that an award calculated with the "aid of a formula" is not per se invalid, as the information may be sufficient to make an "individually-tailored assessment") (citing Brown, 568 F. Supp. 2d at 53-54) (internal quotation marks omitted).

As stated previously, if the hearing officer finds on remand that D.B. was denied a free appropriate public education, then D.B. is entitled to a compensatory education award calculated in accordance with the standard set forth in Reid and its progeny. And it should be noted that "Reid certainly does not require [the] plaintiff to have a perfect case to be entitled to a compensatory education award." Stanton, 680 F. Supp. 2d at 207 (recognizing that refusing to grant a compensatory education award to a student who is entitled to one "clashes with Reid, which sought to eliminate 'cookie-cutter' awards in favor of a 'qualitative focus on individual needs' of disabled students," because awarding the student nothing does not focus on the student's individual needs, as required by Reid) (citing Reid, 401 F.3d at 524, 527). Where a hearing officer finds there is insufficient evidence to support a proposed award, "a hearing officer may 'provide the parties additional time to supplement the record.'" Id. (quoting Nesbitt I, 532 F. Supp. 2d at 125).

As part of the administrative record, the plaintiff submitted records of the missed services that were allocated in D.B.'s Program. A.R. at 14-16. Additionally, the plaintiff points to testimony by an educational advocate and an occupational therapist to support her claims. See

11

Pl.'s Mem. at 11-12. However, the assessments of D.B.'s abilities that are included in the administrative record were all performed in 2006. A.R. at 77, 99, 105, 114. Compensatory education awards are supposed to <u>compensate</u> for the denial of a free appropriate public education and are dependent on the child's current needs, thus "[s]ome students may require only short, intensive compensatory programs targeted at specific problems or deficiencies [while o]thers may need extended programs, perhaps even exceeding hour-for-hour replacement of time spent without [a free appropriate public education]." <u>Reid</u>, 401 F.3d at 524. Upon a finding that the denied services constituted the denial of a free appropriate public education, the hearing officer should evaluate whether there is sufficient evidence to support a finding that no compensatory education is necessary to remedy the services the School System did not provide to D.B., and if there is insufficient evidence, request that the parties supplement the record "with the information needed to best correct [the student]'s educational deficits" and determine an appropriate compensatory education award. <u>Stanton</u>, 680 F. Supp. 2d at 207-08 (internal quotation marks omitted) (stating that when a student is entitled to a compensatory education award and there is insufficient evidence to support a specific award, "[c]hoosing instead to award plaintiff <u>nothing</u> does not represent the qualitative focus on [student's] individual needs that <u>Reid</u> requires") (emphasis in original) (internal quotation marks omitted).

      Therefore, if the hearing officer finds on remand that D.B. was denied a free appropriate public education when the School System failed to provide all of the services in his Program and is thus entitled to a compensatory education award, the hearing officer may determine that he needs to conduct additional fact-finding to assist in calculating a properly-crafted award.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the administrative record is insufficient to determine whether D.B. was denied a free and appropriate public education when the School System did not provide all of the services in his Program. Because this determination has not yet been made, the Court cannot make a finding on whether the plaintiff's proposed compensatory education award was crafted in accordance with the Reid standard, as it is not clear whether D.B. is entitled to an award. Therefore, the Court must remand the case to the hearing officer for further determinations that were not made in his June 2008 Determination. Given the importance of children receiving a free appropriate public education, an expedient resolution of this matter is required and the hearing officer must render his new determinations and the articulation of his reasoning within sixty (60) days.[3]

_____/s/_____
REGGIE B. WALTON
United States District Judge

---

[3] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.