UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHAWN BANKS,**<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br><br>Defendants. | Civil Action No. 09-cv-0990 (RLW) |

## MEMORANDUM OPINION[1] ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff's Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment. For the reasons set forth briefly below,[2] Defendants' motion for summary judgment is granted, and Plaintiff's motion is denied.

This matter was previously assigned to Judge Walton, who denied prior cross-motions for summary judgment without prejudice and remanded the matter to the Hearing Officer for further findings. Banks ex rel. D.B. v. District of Columbia, 720 F.Supp.2d 83 (D.D.C. 2010). Judge Walton remanded this matter to the Hearing Officer for a finding as to whether the Plaintiff's

---

[1] This is a summary opinion intended for the parties and those persons familiar with the facts and arguments set forth in the pleadings; not intended for publication in the official reporters.

[2] Rule 56(a) was amended in 2010 to require the trial court to "state on the record the reasons for granting or denying the motion [for summary judgment]." The Advisory Committee Notes to the amendment point out that "[t]he form and detail of the statement of reasons are left to the court's discretion" and that "[t]he statement on denying summary judgment need not address every available reason." Prior to the 2010 amendments, detailed rulings on summary judgment motions were generally not required by the federal rules or by the law of our Circuit, even when granting summary judgment, since the trial court makes no actual factual findings and the legal ruling is reviewed *de novo*. See, e.g., Summers v. Department of Justice, 140 F.3d 1077, 1079-80 (D.C. Cir. 1998) (stating general rule, but creating an exception for Freedom of Information Act cases due to particular statutory requirements); Randolph-Sheppard Vendors of America, Inc. v. Harris, 628 F.2d 1364, 1368 (D.C. Cir. 1980); Gurley v. Wilson, 239 F.2d 957, 958 (D.C. Cir. 1956).

1

child, D.B., was denied a free appropriate public education (FAPE) when the School System failed to provide all of the services required by his Individualized Educational Program (IEP), and, if so, to craft the proper compensatory education award as a remedy. Id. at 89-92.

Upon remand, the Hearing Officer found that D.B. was not denied a FAPE, and so he did not reach the issue of how to craft the proper compensatory education award. The matter was thereafter returned to the District Court, and the parties subsequently filed new cross-motions for summary judgment. In the interim, the case was transferred from Judge Walton and reassigned to me.

Judge Walton's prior opinion sets forth the standard for evaluating summary judgment motions, the standard of review in IDEA cases and the background facts of this case, and the Court will not reiterate those here. Id. at 85-88. The ruling of the Hearing Officer being challenged by Plaintiff, and sought to be upheld by Defendants, found:

> that the Defendant's failure to provide the student with all of his recommended related services hours during the period from April 2006 to February 2008 was not a material failure of its obligation to provide the student with his recommended IEP services. Accordingly, the student was not denied a FAPE and I am not required to consider Plaintiff's request for the equitable remedy of a compensatory education plan.

Dkt 21-1, Hearing Officer Decision at 18. It is the Plaintiff's burden to demonstrate that the Hearing Officer's decision is wrong. Banks, 720 F.Supp.2d at 88. Plaintiff has failed to meet her burden.

Plaintiff makes two overall arguments to attack the Hearing Officer's ruling. First, Plaintiff argues that the Hearing Officer "exceeded the scope of his authority" by weighing the credibility of the witnesses that testified on Plaintiff's behalf during the May 2008 hearing. See Dkt. 19 at 13-16. The Court disagrees. The record indicates that Plaintiff's witness, educational

advocate Dr. Ida Holman, testified during the May 2008 hearing about the amount of services that were allegedly not provided to D.B. from February 2006 to February 2008. On remand, the Hearing Officer found that Dr. Holman's testimony, though purportedly based on a review of the service tickets, did not match his independent review of the service tickets. The Plaintiff seems to argue that the Hearing Officer should have ignored the documentary evidence and simply accepted Dr. Holman's testimony. The Plaintiff cites no authority, and the Court knows of none, for the proposition that the Hearing Officer was required to accept testimonial evidence that contradicted the documents upon which the testimony was based. Even more telling, Plaintiff makes no attempt in her briefs to describe any specific error in the Hearing Officer's findings and calculations. This is a critical issue, and Plaintiff's counsel simply dodges it. As such, Plaintiff has failed to meet her burden to show that the Hearing Officer's calculations of denied services were in error.

Second, Plaintiff argues that the Hearing Officer erred by determining that the failure to provide services to D.B. was not a "material failure" that resulted in a denial of a FAPE. Id at 17-21.[3] To reach his decision, the Hearing Officer performed a detailed evaluation of the documentary and testimonial evidence of D.B.'s academic and functional levels and progress during the 2006-2008 time period. Dkt. 21-1, at 10-17. The Hearing Officer made a finding that D.B. showed behavioral, functional and academic progress from 2006 to 2008 that was consistent with his cognitive and physical abilities. Id. Based on this finding, the Hearing

---

[3] Plaintiff does not challenge the "material failure" standard that Judge Walton directed the Hearing Officer to use to determine whether there was a denial of a FAPE. See Banks, 720 F.Supp.2d at 88-89 (citing Catalan ex rel. E.C. v. District of Columbia, 478 F.Supp.2d 73, 76 (D.D.C. 2007)). Our Circuit has not yet ruled on the propriety of the material failure standard, but several courts in this District and in other Circuits have adopted it. See, e.g., Wilson v. District of Columbia, 770 F.Supp.2d 270 (D.D.C. 2011); Trenker, Thomas R., AMERICANS WITH DISABILITIES: PRACTICE AND COMPLIANCE MANUAL § 11:237.

Officer ruled that the School System's failure to provide all of the services specified in D.B.'s IEP was not a "material failure" sufficient to establish a denial of a FAPE. Id. Again, Plaintiff makes no meaningful effort to point out any specific errors in the Hearing Officer's lengthy and detailed analysis. Instead, Plaintiff argues generally that the Hearing Officer should have credited her witnesses, that the material failure is "obvious," and that D.B. made no progress on his educational goals from 2006 to 2008. Ultimately, Plaintiff's arguments are vague,[4] not supported by the record, and fail to carry Plaintiff's burden.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An Order accompanies this Memorandum. SO ORDERED.

Date: September 12, 2011

/s/
ROBERT L. WILKINS
United States District Judge

---

[4] Plaintiff's opening and reply briefs inexplicably, and quite ineffectively, repeat some boilerplate arguments verbatim. Compare Dkt. 19-20 with Dkt. 23 at 7.